CHOATE v. SUTTON AND BELL & Co.

**Judgment:** NOTICE: FORECLOSURE. A subsequent purchaser of mortgaged property who, in an action to foreclose the mortgage and correct a mistake therein has been served with notice that no personal judgment is asked against him, and who thereupon appears and takes time to plead, is not concluded by a judgment by default. Upon petition, the judgment should be set aside and the party admitted to defend.

*Appeal from Chickasaw Circuit Court.*

THURSDAY, SEPTEMBER 24.

ON the 26th of May, 1870, plaintiff filed in the Chickasaw Circuit Court a petition alleging that the defendant, Sutton, executed to plaintiff a mortgage to secure him in the sum of $480; that the mortgage by mistake was made for only $400; that the defendants, John Bell & Co., purchased the mortgaged property subject to the mortgage and as part of the consideration agreed to pay the sum secured. Petition prays a foreclosure of the mortgage and that John Bell & Co. be barred of their equity of redemption. On the 26th of May, 1870, an original notice was served on John Bell & Co., in which they were notified that no personal claim was made against them, further than to enforce the mortgage on the land for the amount named. On the 9th of June, 1870, the defendants, Bell & Co., entered their appearance in the cause and claimed sixty days in which to file their answer.

On the 27th day of September, 1870, a default was entered

against all of defendants for want of an answer, a decree of foreclosure was rendered, and a personal judgment rendered against Bell & Co.

On the 10th day of September, 1872, the defendants, Bell & Co., filed their petition for the setting aside of this judgment and for leave to defend, setting forth the above facts, and alleging in addition thereto, that they did not know that a personal judgment was asked or rendered against them until in February, 1871. That execution was issued and the land mentioned in the mortgage was sold, and the proceeds thereof to the amount of $166.50 credited on the judgment. That afterward execution was levied on certain other lands of defendants, and the same were advertised for sale on the 23d of February, 1871. That on the 17th of February, 1871, defendants commenced their action in the Chickasaw District Court, asking that said sale be enjoined, and that said M. P. Choate be restrained from collecting said judgment. That a temporary injunction was obtained, and in April, 1872, the court made the following order therein:

"Injunction continued until further order, to allow plaintiff to take such proceedings in the Circuit Court as he may think best, and if no proceedings be instituted by him in a reasonable time, upon certificate of the clerk an order will be made dismissing the suit."

On the 26th day of September, 1872, plaintiff filed a motion to dismiss this petition, as follows:

1. That the said defendants made a full appearance in this cause, before the judgment was rendered against them.

2. That no answer has heretofore been filed in this case, and the same has been finally determined.

This motion was sustained. Defendants appeal.

*Smith, Fouke & Chapin* and *Ayers & Shaver*, for appellant.

No appearance for appellee.

DAY, J.—The action of the court is erroneous. The petition contains the basis of three distinct claims against the

defendants, Bell & Co.; first, a correction of the mortgage so that it shall secure $480 instead of $400; second, a foreclosure of the mortgage as against them, and a barring of their equity of redemption; third, a personal judgment against them for the amount secured. Section 2822 of the Revision provides that: "The plaintiff may notify either of the defendants that no personal claim is made against him, in which case a copy of that notice must accompany the return. If, after such notice and return, such defendant unreasonably defend, he must pay costs to plaintiff."

Pursuant to this section defendants were notified that no personal claim was made against them.

As to this portion of the petition there was no necessity for defense. But they had a right to controvert the claim that there was a mistake in the mortgage, and also to show, if they could, that the mortgage was not recorded, and that they purchased without notice of it. And as to these claims they were entitled to enter on appearance and ask time to answer. Section 2840 of the Revision provides that "if the petition contains more than one cause of action, a mere appearance shall not be deemed an appearance to any cause except such as the defendant shall have had due notice of." It cannot be claimed that notice to defendants, Bell & Co., that no personal claim is made against them further than to enforce the mortgage on the land for the amount claimed, is notice to them that a personal judgment is asked for the amount secured by the mortgage. If, then, they were not notified of this claim against them for personal judgment, they have, as to this claim of the petition, made no appearance, and as to it, judgment has been entered against them without notice, and without voluntary appearance.

The defendants have a right to have it set aside, and to be admitted to defend.

REVERSED.